FILED
NOV 08 2011 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTSRICT OF ILLINOIS

| | |
|---|---|
| M. G. S., an adjudicated 'adult-ward' under court-appointed guardianship, by Next-Friend(s)s. | CASE NO. _____ |
| Plaintiff(s) vs. | VERIFIED COMPLAINT |
| CAROLYN TOERPE, Court-Appointed Guardian; ATTORNEY(S) CYNTHIA FARENGA and ADAM STERN, Court-Appointed Guardians Ad Litem; "PROBATE DIVISION", Cook County Circuit Court; JANE LOUISE STUART (1); THE STATE OF ILLINOIS; GOVERNOR PAT QUINN | DEMAND FOR JURY TRIAL  11cv7934  Judge Ronald A. Guzman  Magistrate Jeffrey T. Gilbert |
| Defendant(s) | |

COME NOW Plaintiff(s), M.G.S by Next-Best-Friends and Gloria Jean Sykes pro se, and for the Verified Complaint in this matter, verifies, affirms and alleges:

1. This action is brought under the common law doctrine of "Duty to Protect" and under the statutory provisions of; 42 U.S.C. § 12101 et seq., the American's With Disabilities Act 1990 as amended; and, 42 U.S.C. § 1983(2) deprivation of rights under color of law; seeking both injunctive and declaratory relief, and, damages as determined by a jury and for the disparaging and prejudicial customs, practices policies, procedures, and, the arbitrary and capricious acts, omissions and conducts of defendants whether individually and/or jointly.

---

(1) Defendants are being sued in both their individual and professional capacities.

(2) Other statutes involved; 42 U.S.C. 1981 et seq., 42 U.S.C. 1982, 42 U.S.C. 1985 et seq., 42 U.S.C. 1986, 42 U.S.C. 1988;

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201 (Creation of Remedy-Declaratory Judgment/Injunctive Relief).

3. Venue lies properly in this Court and under 28 U.S.C. 1391(b)(1),(2) because, all parties reside within the territorial boundaries of the district and, the acts and conducts which form the basis of these proceedings occurred within this district.

## CONSTITUTIONAL PROVISIONS INVOLVED

U.S. Constitution – First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment(s);

## PLAINTIFF

4. Plaintiff M.G.S. is a ninety-plus year old 'adult ward' under state-court-appointed guardianship and as such she is a "qualified person with disabilities" within the scope and meaning of 42 U.S.C. § 12131(2).

## PARTIES DEFENDANT

5. Defendant Carolyn Toerpe is Court-Appointed Guardian of and for the person and estate of Plaintiff Mary G. Sykes and as such is a "public entity" within the scope and meaning of 42 U.S.C. § 12131(1).

6. Defendants Cynthia Farenga and Adam Stern both are both attorneys serving in the guardianship matter as Court-Appointed Guardian Ad Litem and as such are "public entities" within the scope and meaning of 42 U.S.C. § 12131(1).

7. Defendant "Probate Division" of the Cook County Circuit Court is a "public entity" within the scope and meaning of 42 U.S.C. § 12131(1).

8. Defendant Jane Louise Stuart is an agent and/or instrumentality of the Defendant Probate Division presiding over the day-to-day ministerial administration of Plaintiff's guardianship, and, as "ultimate guardian", Defendant is a "public entity" within the scope and meaning of 42 U.S.C. § 12131(1).

9. Defendant State of Illinois is a "public entity" within the scope and meaning of 42 U.S.C. 12131(1) and as such, and by virtue of the existing special relationship with Plaintiff, Defendant is charged with both the common law and constitutional duty to protect its Plaintiff as a "ward" of the State.

## FACTS

10. Whether de facto or de jure and at present, Defendants individually, jointly and collectively are in sole and total control of the physical care, custody and control over both the person and estate of Mary G. Sykes. who is an adjudicated 'adult ward' elder, Illinois citizen of 92 years old under court-appointed guardianship of Defendant "Probate Division" of the Cook County Circuit Court.

11. At all times relevant hereto Defendants assert to have acted under the color of law, and/or color of office.

12. Prior to the commencement of the probate guardianship proceedings and on June 9, 2009 Plaintiff filed an action under cause number 2009 OP 2886 in the Cook County Circuit Court Family Relations Division seeking an "Order of Protection" for the benefit of herself and her daughter Gloria Jean Sykes, who was/is a member of the Plaintiff's household. The named Respondent to this action for an "Order of Protection" is Defendant Toerpe. There were had in this cause "some process", but never has this matter been adjudicated to a final judgment or order.

13. On July 17, 2009 Defendant Toerpe commenced the probate guardianship matter under case number 2009 P 4585 before Defendant "Probate Division", and seeking her appointment as plenary guardian of and for Plaintiff.

14. Plaintiff personally appeared twice in the guardianship proceedings and voiced her objection to the guardianship appointment on both occasions.

15. On December 10, 2009, and upon the agreement and consent of Defendants Farenga and Stern, Defendant "Probate Division" appointed Defendant Toerpe to serve as plenary guardian of and for the person and estate of Plaintiff.

16. Plaintiff has never in fact been adjudicated "mentally incompetent", yet she suffers from substantial hearing loss requiring that she wear two hearing aids, and likewise suffers from memory loss and advancing old-age-senility/Alzheimer's.

17. Since being adjudicated disabled and placed under guardianship Plaintiff has not personally appeared in the guardianship proceeding, or any other court proceeding involving her.

18. Since being adjudicated disabled and placed under guardianship Plaintiff has been forcibly kept from occupying her residence of choice, and she is being held against her will forcibly confined to a residence not of her choosing.

19. Since being adjudicated disabled and placed under guardianship Plaintiff has been forcibly and intentionally isolated from freely associating with her friends and family members of her choosing, and in fact Plaintiff is kept in near complete social isolation from those friends and family members of her choosing

20. Since being adjudicated disabled and placed under guardianship Plaintiff has not been in possession or control of her substantial and valuable estate properties, nor has she been consulted or allowed any constructive input whatsoever concerning the ultimate disposition of

her substantial estate.

21. Since being adjudicated disabled and placed under guardianship and in the physical care custody and control of Defendant Toerpe, Plaintiff has experienced five (5) or more admission to the emergency room of local hospitals, she has/had lost considerable and substantial body weight resulting from about 14 days of unattended and untreated issues with a swallowing problem. Plaintiff receives <u>no treatment or therapies</u> for the medical conditions of her disability.

22. Plaintiff is capable of living free from harm in the community and with the help and support of family and friends of her choosing. Plaintiff is well-insured as the widow of a 45-year Chicago police officer, and under a healthcare policy with Blue Cross Blue Shield.

23. At no time relevant hereto have Defendants "Probate Division" and/or Jane Louise Stuart commanded the appearance of Plaintiff nor examined the Plaintiff for her testimony and, it has been the practices, policies and procedures of Defendants to ignore and deny both submission and review of Plaintiff's written expressions both past and present, and, those expressed concerns of Plaintiff's family and friends who seek to advocate for Plaintiff in the guardianship proceedings.

24. Since being adjudicated disabled and placed under guardianship Plaintiff has been held captive by, and in the physical care, custody and control of, Defendant Toerpe who is a "named Respondent on a petition for an order of protection".(3)

---

(3) Illinois Revised Statute (755 ILCS 5/11a-10.1) (from Ch. 110 1/2, par. 11a-10.1) mandates the Court SHALL appoint a substitute guardian when a guardian is the named Respondent on a petition for an order of protection sought pursuant to the Illinois Domestic Violence statutes.

25. In the two-plus (2+) years since the inception of the Plaintiff's guardianship proceeding, Defendants State of Illinois and its officers, agents and instrumentalities, including without limitation Defendants "Probate Division" and Jane Louise Stuart, have received an untold number of communications both written and verbal alleging, among other things, abuse, neglect and financial exploitation of the Plaintiff. To date herein Defendants have failed and refused to undertake to protect Plaintiff with a proper authoritative investigation into the complaints, and protect Plaintiff as is their ministerial duty.

## ALLEGED VIOLATIONS

26. At all times relevant hereto, and because of her disability, Defendants have, whether individually, collectively, jointly and whether in concert among all or select few, in violation of Title II of 42 U.S.C. § 12101 et seq. The Americans' With Disabilities Act 1990 as amended and in violation of the First, Fifth and Fourteenth Amendments of the U.S. Constitution, denied and deprived Plaintiff;

> i) all meaningful and equal access to the courts and to the services, programs and activities of the Illinois State Courts, including without limitation equal access to a review and appeal process;
>
> ii) any reasonable accommodation, including without limitations providing auxiliary aids and accessories, to ensure access to equally effective communications;

27. At all times relevant hereto, and because of her disability, Defendants have, whether individually, collectively, jointly and whether in concert among all or select few and in violation of Title II of 42 U.S.C. § 12101 et seq. The Americans' With Disabilities Act 1990 as amended, in violation of 42 U.S.C. § 3631 and, in violation of the Fourth, Fifth, Ninth and Fourteenth Amendments of the U.S. Constitution, denied and deprived M.F. residing in and

receiving her care and assistance in a least restrictive environment, from care-givers of her choosing and liking and, in the occupancy of a residence of her choosing.

28. At all times relevant hereto, and because of her disability, Defendants have, whether individually, collectively, jointly and whether in concert among all or select few and in violation of Title III of 42 U.S.C. § 12101 et seq. The Americans' With Disabilities Act 1990 as amended, and in violation of the Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution, denied and deprived Plaintiff adequate healthcare treatment and access to the public accommodations of healthcare services sufficient to address Plaintiff's special needs relating to her disability, which includes among other things, adequate assessment and therapeutic treatments sufficiently goal oriented toward restoration and rehabilitation.

29. At all times relevant hereto, and because of her disability, Defendants have, whether individually, collectively, jointly and whether in concert among all or select few and in violation of Title II of 42 U.S.C. § 12101 et seq. The Americans' With Disabilities Act 1990 as amended, and in violation of the Fifth, and Fourteenth Amendments of the U.S. Constitution, intentionally, and with deliberate indifference, excluded Plaintiff completely from appearing at and/or participating in any and all proceedings involving the administration of the guardianship matter and likewise exclude Plaintiff from participation in any and all decision-making which effects the course of her life and the ultimate disposition and control of her valuable estate properties.

30. At all times relevant hereto Defendants, whether individually and/or collectively jointly and whether in concert among all or select few, have, in bad faith, assumed roles adversarial to Plaintiffs' rights privileges and immunities relative to and depriving Plaintiff of, in violation of 42 USC §§ 1981, 1983 and 1985; the free exercise of the First Amendment right to

both petition for redress and the right to associate freely with those of her choosing; the Fourth Amendment right to privacy and to be secure in her person and papers free from unreasonable searches and seizures; the Fifth and Fourteenth Amendment rights to due process of law and equal protection under the law and the rights of familial unity; and, the Ninth Amendment right to privacy and personal autonomy in Plaintiff's right to choose freely in pursuit of her own happiness, dignity and self-determination.

31. At all times relevant hereto Defendants have, whether individually, collectively, jointly and whether in concert among all or select few, failed to protect Plaintiff, her rights, liberties and personal interests, and from abuse, neglect, exploitation, conflicts of interest, fiduciary fraud, breaches of fiduciary duty, crime and, an existing local bias and prejudice, all in violation of the common law duty to protect doctrine, the Fourteenth Amendment right to be protected as that right exists by virtue of the special relationship existing between Defendants and Plaintiff, and, in violation of 42 USC § 1986.

## COUNT II

32. Defendant State of Illinois has enacted and administers to a scheme of laws and codes relative to adult guardianships and the commitment of adults and their properties to the care custody and control of court-appointed third-party and third-person custodians and fiduciaries.

33. There is no rational basis for distinguishing between 'adult wards' judicially committed to the physical care, custody and control of a guardianship, whether person or estate, and all other persons or property judicially committed to the care custody and administration of

court-appointed custodians and administrators. However;

34. The practices, policies and procedures enacted and administered by Defendant, its agents and/or instrumentalities, whether judicial and/or administrative, regulatory or statutory, disparage 'adult wards' under guardianship in that;

    a) Committed to the institution of a Court-Appointed-Guardianship, 'adults wards' have no post-deprivation recourse or remedy to an available administrative grievance, review and/or appeal process available to them -- as the same or like due process post-deprivation remedies are available to those persons who are court-committed to psychiatric and/or penal institutions;

    b) Committed to the institution of a Court-Appointed-Guardianship, the estates of 'adult wards' are relegated to the care, custody and control of the judicial administrative process of probate which, absent a specific statutory scheme governing judicial administration of an 'adult wards' estate, pre-supposes that the ward is dead in fact and the administration is one of a decedent's estate;

    c) Committed to the institution of a Court-Appointed-Guardianship, Defendants' practices policies and procedures are wholly devoid of rehabilitative and/or restorative objectives.

## COUNT III

35. The practices, policies and procedures relied upon by Defendant "Probate Division" in and during the adjudication, and, in and during the ongoing and continuing ministerial administration of Plaintiff's guardianship presided over by Defendant Stuart, coupled with decision-making throughout that is/was completely arbitrary and capricious has resulted in

pre-deprivation and post-deprivation damages to Plaintiff for which her right to appeal has been, and is continually being, prejudiced and deprived her by Defendants inherent conflict of interests whether individually, jointly and/or collectively, and in violation of due process of law and equal protection under the law.

## DAMAGES TO PLAINTIFF

36. As the direct and proximate result of the foregoing Count I, Count II, and Count III, Plaintiff has suffered, continues to suffer, and will without intervention from this Court, continually suffer because of her disability and the elected acts of Defendants, from the complete and total exclusion from and deprivation of, equal access to the Illinois courts and from exclusion and deprivation of meaningful and equal access the services, programs and activities of both the Illinois courts and those public accommodations beneficial to Plaintiff and to her healthcare needs.

37. Additionally, as the direct and proximate result of the foregoing Count I, Count II, and Count III, Plaintiff has suffered, continues to suffer, and will, without intervention from this Court continually suffer, deprivation of her liberties, rights, privileges and immunities as are guaranteed to Plaintiff under the First, Fourth, Fifth, Eighth, Ninth and Fourteenth amendments of the U.S. Constitution.

38. There are no other lawsuits seeking redress for the above and foregoing that have been filed in any other court, whether state or federal.

> **I/we swear and affirm that the foregoing is true, accurate and within the best of my/our personal knowledge.**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court find for the Plaintiff and enter judgment against the Defendants, individually and jointly, declaring that their practices, policies and procedures complained of discriminate, have discriminated and will continually discriminate against Plaintiff and deprive her of due process of law and equal protection under the law. That the Court further find that Defendants have failed and refused to protect Plaintiff as is their common law and constitutional duty, and intervention is warranted and appropriate by this Court.

That the Court grant Plaintiff injunctive relief prohibiting Defendants, whether individually or jointly, from discriminating against the Plaintiff and excluding her personally from accessing the Illinois Courts and from enjoying equal access to the services, programs and activities of the Illinois Courts including without limitation equal access to the services, programs and activities of a review and appeal process whether judicial or administrative, and/or both.

That the Court grant Plaintiff injunctive relief prohibiting Defendants, whether individually or jointly, from discriminating against the Plaintiff and depriving her of reasonable accommodations and/or auxiliary aids and accessories so as to ensure access to equally effective communications in and during her personal interactions before the Illinois courts including without limitation, the Cook County Illinois Circuit Court Domestic Relations Division, the Defendant Probate Division" and, on review and appeal in due course of law.

That the Court grant Plaintiff injunctive relief enjoining the Defendant Toerpe, her agents and/or superior(s), from continuing the confinement and isolation of Plaintiff and from

discriminating in any way or manner against Plaintiff from, including without limitation, freely, knowingly, voluntarily and intelligently exercising her rights to, and of, free expression, free association, privacy, and self-determination.

That the Court grant Plaintiff injunctive relief prohibiting and staying the continuing and ongoing administration of all matters involving Plaintiff and her interests pending further order from this court and, on satisfactory proof to this Court concerning Defendant's remediation of those discriminatory practices policies and procedures complained of herein.

For an award of compensatory damages in an amount yet to be determined, an award of punitive damages where appropriate and in a sum sufficient to deter future like conducts by Defendants, whether individually and/or jointly. For an order awarding attorney fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, and 42 U.S.C. § 1988, and, for all just and proper relief deemed appropriate by the Court and under the facts and circumstances.

Dated: this day of November 7, 2011.

_Sue Fege_
M.G.S., by Next-Best-Friend
Sue Fege

_[signature]_
M.G.S., by Next-Best-Friend
Scott Evans

_[signature]_
M.G.S., by Next-Best-Friend
Gloria Jean Sykes