UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

M.G.S., and adjudicated adult ward )
under guardianship, by Next- Friends )
)
)
) Case No. 11-cv-7934
)
v. ) Honorable Judge Guzman
) Magistrate Judge Gilbert
CAROLYN TOERPE, )
Court-Appointed Guardian )
For M.G.S. )

**DEFENDANT CAROLYN TOERPE'S
MOTION TO DISMISS**

Carolyn Toerpe ("Carolyn"), in her capacity as the court-appointed guardian for M.G.S., an adjudicated disabled adult, by her attorney, Peter J. Schmiedel of Fischel & Kahn, Ltd., hereby moves pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint due to:

A. The persons filing the Complaint are all non-attorneys who are improperly attempting to represent M.G.S., who is an adjudicated "adult ward under state-court-appointed guardianship," Complaint, at ¶4 and may not, therefore, file suit on behalf of an incompetent adult. ***Elustra v. Mineo,*** 595 F.3d 699, 705 (7th Cir. 2010);

B. The persons filing the Complaint are not the court appointed guardians of M.G.S. and are not authorized to act on her behalf or file suit on her behalf. ***Struck v. Cook County Public Guardian,*** 508 F.3d 858, 859 (7th Cir. 2007); *see also,* Rule 17 (a)(1)(C) and (c)(1)A.

C. The Complaint is barred by the ***Rooker-Feldman*** doctrine as it seeks to challenge the appointment of Carolyn Toerpe as the duly appointed guardian for M.G.S. ***Rooker v.***

1

*Fidelity Trust Co.,* 263 U.S. 413 (1923); ***District of Columbia Court of Appeals v. Feldman,*** 460 U.S. 462 (1983);

  D. The Complaint is barred under the probate/domestic-relations exception to federal jurisdiction. ***Struck v. Cook County Public Guardian,*** 508 F.3d 858, 859 (7th Cir. 2007).

  E. Carolyn Toerpe, in her capacity as the court appointed guardian for M.G.S., is not a "public entity" as defined under Title II of the Americans with Disabilities Act. 42 U.S.C. § 12131 states that a public entity means "any State or local government; (B) and department, agency ... or other instrumentality of a State or States or local government";

  F. Carolyn Toerpe, in her capacity as the court appointed guardian for M.G.S., is not in violation of Title III of the Americans with Disabilities Act, as she is not a "[p]ublic accommodation; (2) [c]ommercial facility; or (3) [p]rivate entity that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes" as defined in 42 U.S.C. § 12131.

  G. The Complaint fails to state a cause of action for violation of 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986;

  H. Carolyn Toerpe is entitled to qualified immunity under the rationale of ***Sherman v. Four County Counseling Center,*** 987 F.3d 397, 406 (7th Cir. 1993) (where person or entity is fulfilling a public duty, they are entitled to qualified immunity as purpose of qualified immunity is to avoid discouraging public service).

  G. The Complaint fails to state a cause of action under 42 U.S.C. § 3631 as this section does not provide for a private right of action.

 This Motion to Dismiss also incorporates the reasons and arguments set forth in her Memorandum in Support of this Motion and is likewise based on the reasons set forth in Sections

A through E and H(2) through H(6) of the Memorandum of the Judicial Defendants filed herein on December 1, 2011, which are hereby adopted by Carolyn and incorporated herein as well.

Respectfully submitted,

/s/Peter J. Schmiedel
Peter J. Schmiedel 2493187
Fischel & Kahn, Ltd.
155 North Wacker, Suite 1950
Chicago, IL 60606
312-726-0440
312-726-1448 (fax)