UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| M.G.S., an adjudicated adult ward under Court appointed guardianship, by Next-Friends, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 11-cv-7934 |
| v. | ) ) | Honorable Judge Guzman Magistrate Judge Gilbert |
| CAROLYN TOERPE, Court-Appointed Guardian, et al | ) ) ) | |
| Defendants. | ) | |

FILED
DEC - 8 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**MEMORANDUM IN SUPPORT OF GAL DEFENDANTS' MOTION TO DISMISS**

NOW COMES, Defendants, ADAM M. STERN and CYNTHIA FARENGA (hereinafter "GAL Defendants") and hereby move to dismiss Plaintiff's Amended Compliant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating as follows:

**ARGUMENTS**

A) **The Complaint should be dismissed for the reasons stated in Judicial Defendants Motion and Memorandum.**

The GAL Defendants adopt in its entirety, the Background, Argument and Conclusions stated in the Illinois Attorney General's Motion to Judicial Defendants' Motion To Dismiss filed on behalf of Judge Jane Louise Stuart and the Circuit Court of Cook County Probate Division.

B) **The Complaint should be dismissed for the reasons stated in the Defendant Carolyn Toerpe's Motion To Dismiss and Memorandum.**

1

The GAL Defendants adopt in its entirety, the Background, Argument and Conclusions stated in Defendant Carolyn Toerpe's Motion To Dismiss and Memorandum in support of the Motion To Dismiss.

**C) The Complaint should be dismissed as Guardian ad litems have absolute immunity.**

It is well established that Guardian ad litems have absolute immunity because they are "arms of the Court". *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). The Cooney court stated: "Guardians ad litem and court-appointed experts, including psychiatrists are absolutely immune from liability for damages when they act at the Court's directions as they are arms of the court, much like special masters, and deserve protection from harassment by disappointed litigants, just as judges do. *Cooney* Citing *James v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006); *Scheib v. Grant*, 22 F.3d 149, 157 (7th Cir. 1994), among others.

Both GAL defendants are Court-appointed Guardians ad Litem for Mary Sykes, a 90 plus year old women who has been adjudicated disabled. All of the actions taken by the GAL defendants have been in their roles as Guardians ad Litem. The GAL defendants are therefore absolutely immune from claims for monetary damages.

**D) The Complaint fails to state a claim under the Americans with Disabilities Act as neither GAL Defendant is a Public Entity.**

Both GAL defendants are private attorneys appointed as Guardians ad Litem. A guardian ad litem does not meet the definition of a "public entity" as defined by the Americans with Disabilities Act. Guardian ad litems are not paid by the state or local government, but are paid from the disabled person's estate.

**E) Federal Rules of Civil Procedure do not allow Plaintiffs to sue on behalf of incompetent persons.**

Rule 17(c)(1) states who may sue on behalf of an incompetent person. The list includes (A) a general guardian; (B) a commitee; (C) a conservator; or (D) a like fiduciary. None of the plaintiffs fall into any of the above categories. As more fully detailed in the Defendant Carolyn Toerpe's Motion to Dismis, Carolyn Toerpe is the representative of Mary Sykes, not any of the Plaintiffs.

## CONCLUSION

For the foregoing reasons, the Complaint against the GAL Defendants should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully Submitted,

Adam M. Stern
STERN & ASSOCIATES
105 W. Adams, Suite 3800
Chicago, IL 60603
312-551-0457

Cynthia Farenga
1601 Sherman Avenue
Suite 200
Evanston, IL 60201
Phone: 847-475-1300
Fax: 847-866-8885
cfarenga@comcast.net

3