**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| M.G.S., BY GLORIA JEAN SYKES, *et al*. AS HER NEXT FRIEND(S), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 11 C 07934 ) ) Judge John J. Tharp, Jr. |
| CAROLYN TOERPE, CYNTHIA FARENGA, ADAM STERN, PROBATE DIVISION OF COOK COUNTY CIRCUIT COURT, JANE LOUISE STUART, THE STATE OF ILLINOIS, and GOVERNOR PAT QUINN, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

"M.G.S.," an adult ward by order of the Probate Division of the Circuit Court of Cook County, Illinois, is the purported plaintiff in this action. She is the "purported" plaintiff because she has been adjudicated to be legally disabled[1] and is under a plenary guardianship.[2] S*ee* 755 ILCS 5/11a-3(a)(3); *id.* § 11a-12(b). Her guardian, Carolyn Toerpe, is not bringing this case (indeed, she is a defendant), and M.G.S. is not represented by counsel. Instead the suit is brought for M.G.S. by three "next friends," who also do not have counsel (and who are not lawyers themselves). Along with M.G.S.'s guardian, the suit names as defendants two guardians *ad litem*

---

[1] Under Illinois' Probate Code, 755 ILCS 5/11a-2, a "disabled person" includes "a person 18 years or older who (a) because of mental deterioration or physical incapacity is not fully able to manage his person or estate, or (b) is a person with mental illness or a person with a developmental disability and who because of his mental illness or developmental disability is not fully able to manage his person or estate."

[2] Under 755 ILCS 5/11a-14 (d), an order appointing a plenary guardian confers the powers of both a guardian of the person and a guardian of the estate. *See id.* § 11a-17 (personal guardian); § 11a-18 (guardian of the estate).

who participated in the guardianship proceedings, Probate Judge Jane L. Stuart, the Probate Division itself, and, finally, the State of Illinois and Governor Patrick Quinn.

The Complaint primarily alleges that the guardianship proceedings were unfair and inadequate, largely because M.G.S.'s participation was limited and her wishes disregarded. The next friends further allege that M.G.S. was poorly served throughout the state court process by various individuals, and that on an ongoing basis she is being isolated, prevented from living where and how she chooses, denied medical treatment, prevented from assisting in the management of her affairs, and otherwise mistreated. *See* Compl. ¶¶17-25. Among the types of claims are alleged violations of Titles II and III of the Americans with Disabilities Act which prohibit discrimination on the basis of disability by, respectively, public entities, including in employment, and by public accommodations and commercial facilities, including as to their physical accessibility. *See* 42 U.S.C. § 12131 *et seq.*; 42 U.S.C. § 12181 *et seq*. The Complaint also refers to 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and other legal theories. But all claims, irrespective of their labels, rest on the same core of allegations described above. Relief is sought on behalf of M.G.S. alone.

The defendants, in three groups (the plenary guardian, the judicial defendants, and the guardian ad litem defendants), filed three motions to dismiss the Complaint, both for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1) & (6). The next friends filed a memorandum addressing both the jurisdictional and substantive arguments. For the following reasons, the Court concludes that it lacks subject-matter jurisdiction and does not reach the merits.

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. *United Phosphorus, Ltd. v. Angus Chem. Co.*,

322 F.3d 942, 946 (7th Cir. 2003) (*en banc*)); *Tucker v. G4S Justice Servs., LLC*, No. 10 C 7058, 2011 WL 867272, at *1 (N.D. Ill. 2011) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009)). Where a defendant challenges the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *See Apex Digital,* 572 F.3d at 444. But here, the defendants challenge the sufficiency rather than the truth of the allegations relating to jurisdiction, and so the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Tucker*, 2011 WL 867272, at *1; *Apex Digital*, 572 F.3d at 443-44.

The defendants all raise "standing" and other arguments to the effect that the next friends cannot sue on M.G.S.'s behalf. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)), but it does not appear to pose a problem in this suit. "Plaintiffs have standing if they have been injured, the defendants caused that injury, and the injury can be redressed by a judicial decision." *Morrison v. YTB Intern. Inc.,* 649 F.3d 533, 536 (7th Cir. 2011) (quoting *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 102–04 (1998)). Here, as noted, all of the claims (and corresponding damages) asserted in this case are M.G.S.'s. And she is named as Plaintiff. That is enough, her "next friends" argue, to satisfy the jurisdictional requirement of standing.[3]

---

[3] It also suffices to satisfy the "real party in interest" requirement of Fed. R. Civ. P. 17(a), a prudential (vice constitutional) limitation on who may sue. *RK Co. v. See*, 622 F.3d 846, 851 (7th Cir. 2010). "An action must be prosecuted in the name of the real party in interest," in other words, the one "to whom that claim 'belongs' or the party who 'according to the governing substantive law, is entitled to enforce the right.'" *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 756 (7th Cir. 2008). Although distinct concepts (*see Frank v. Hadesman and Frank, Inc.*, 83 F.3d 158, 159 (7th Cir. 1996)), "both standing and real party in interest 'are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the

The defendants counter that it is not enough that M.G.S. is named as a plaintiff if she lacks the legal capacity to sue and an appropriate representative has not stepped into her shoes. Lack of capacity to sue, however, is an affirmative defense, not a jurisdictional defect. *See* Fed. R. Civ. P. 9(a); *BondPro Corp. v. Siemens Power Generation, Inc.,* 463 F.3d 703, 705 (7th Cir.); *Collins Commodities, Inc. v. Erlichson,* 1987 WL 18580, *1 (N.D. Ill.). Whatever merit there may be to defendants' arguments that M.G.S. lacks capacity to sue and that the unrepresented next friends cannot sue on her behalf (and they both appear to have considerable merit),[4] the Court does not reach them because two other jurisdictional barriers—each discussed in the Seventh Circuit's opinion in *Struck v. Cook County Public Guardian,* 508 F.3d 858 (7th Cir. 2007), which is virtually on all fours with the facts of this case and controls its disposition—preclude access to this Court.

In *Struck*, the son of a ward under a legal guardianship alleged that the guardian was abusing and isolating his mother. He sought relief in federal court after the state court declined to revoke the guardianship; he alleged violations of his and his mother's constitutional rights. *Id.* at

---

merits.'" *Weissman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1993). Here, all concede that M.G.S. is the real party in interest, and she is the nominal plaintiff.

[4] There really is no dispute that M.G.S. herself does not have capacity to sue. The next friends concede that M.G.S. "is an 'adult ward' under court-appointed guardianship and therefore unable to bring her own action." Pl. Mem. in Response, Doc. # 57 at 7. They assert, however, that Rule 17(c)(1), which provides that an incompetent person with a representative may be represented in litigation by "(A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary," permits them to sue as M.G.S.'s representative. But M.G.S. has a state-appointed plenary guardian, Carolyn Toerpe, and so she is a person "with a representative" for purposes of the rule. Her self-appointed next friends—"a daughter and two long-time family friends"—therefore are not among those the rule permits to represent her in this Court. The Seventh Circuit has repeatedly opined that self-appointed representatives are not authorized to assert claims on behalf of incompetent plaintiffs when a plenary guardian has been appointed by the state. *See, e.g., Bach v. Milwaukee Cnty,* No. 11–3485, 2012 WL 3010938, at *1 (7th Cir. July 24, 2012) (unpublished order); *Murray v. Milwaukee Cnty,* 341 F. Appx. 213, 214 (7th Cir 2009)(unpublished order); *Struck,* 508 F. 3d at 859.

4

859. Noting that the plaintiff was not authorized to sue on his mother's behalf,[5] the Seventh Circuit first held that, to the extent the suit "sought appellate review in a federal district court . . . of the [guardianship] decision by the Illinois state court, [the] suit is barred by the *Rooker-Feldman* doctrine." *Id.* *Rooker-Feldman,* which recognizes that the lower federal courts lack subject matter jurisdiction to review state-court judgments, similarly precludes this Court from adjudicating the claims asserted by the next friends on M.G.S.'s behalf, namely the validity of the adjudication of M.G.S. as legally disabled, the appointment of Ms. Toerpe as her guardian, and Ms. Toerpe's ongoing management of M.G.S.'s affairs under the authority granted by the probate court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012); *Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529 (7th Cir. 2004).

      The next friends maintain that *Rooker-Feldman* does not bar the suit because M.G.S. has "certain rights, privileges and immunities" arising from the guardianship judgment that have been violated following appointment of the guardian. Such claims, however, are "inextricably intertwined" with the state court adjudication of disability and its attendant consequences. *See Taylor*, 374 F.3d at 532-533. The claims asserted by the next friends on M.G.S.'s behalf would necessarily call into question the legitimacy of the judgments of the appointed guardian. Further, the claims seek injunctive relief that would effectively require this Court to overturn the state court's appointment of M.G.S.'s guardian by "prohibiting and staying the continuing and ongoing administration of all matters involving Plaintiff" until the Court were satisfied that

---

[5] The *Struck* court did not advert to the fact that the son's capacity to sue was not a jurisdictional issue, but the opinion's brief reference to the son's lack of authorization to bring the suit does not imply that the question should have been the subject of substantive review in the absence of jurisdiction.

5

M.G.S.'s rights were no longer being violated. Compl. at 12 (Prayer for Relief). This Court has no jurisdiction to invalidate, modify, or place conditions on, the state-court judgment appointing M.G.S.'s guardian.

Even if claims relating to the ongoing management of M.G.S.'s affairs fell outside the boundaries of *Rooker-Feldman*, they would still run aground on the shoals of the probate exception to federal jurisdiction. In this regard, too, the case is controlled by *Struck*, where the court held that the entire suit was also barred by the probate exception to federal jurisdiction, which confines to state court claims (including "pure" and "ancillary" issues) that would unnecessarily interfere with probate proceedings. *Id*. at 859-60; *Storm v. Storm*, 328 F.3d 941, 943 (7th Cir. 2003). Like the mother in *Struck*, M.G.S. is a person in the control of the Probate Division of the Circuit Court of Cook County; as unappealing as it sounds applied to a living person, she is the *res* in an *in-rem* proceeding—the contested guardianship case. 508 F.3d at 860. Under the probate exception, "a court other than the one that controls the *res*—the subject of the custody battle or the property in the decedent's estate—should not be permitted to elbow its way into [the] fight." *Id*. A federal court should be especially loath to intervene where, as here, the state court has specialized expertise and is performing ongoing managerial functions, such as supervising the guardianship. *Id*. at 860. At bottom, the Complaint seeks "to remove into the federal court the *res* over which the state court is exercising control." *Id*. This Court has no jurisdiction to do so.

These jurisdictional barriers apply equally to the various claims asserted in the Complaint. The purported claims of discrimination under the ADA rest on allegations that are common to all claims. *See* Compl. ¶¶ 10-25. So too, for any claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 (all of which the plaintiffs mention without elaboration). With the

6

statutory labels removed, is the federal claims are all equally subject to dismissal pursuant to the *Rooker-Feldman* doctrine and the probate exception. And of course the next friends' ability to represent M.G.S. is no stronger based on any particular theory of relief.

The Court is sensitive to the deeply personal and emotional nature of the allegations underlying this suit, and it has deliberately avoided commenting on the merits of the allegations. *See Berrios v. N.Y.C. Housing Auth.*, 564 F.3d 130 (2d Cir. 2009) ("What the court may not properly do . . . is make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented"). Today's decision simply means that the case may not be brought by these next friends in federal court. The Court (without impugning Ms. Toerpe or any other named defendant) notes that procedures exist under the probate code for challenging, modifying, and revoking guardianships. Those objectives, however, must be pursued in state court.

Accordingly, the defendants' motions to dismiss are GRANTED, and the Court enters final judgment dismissing all claims against all defendants based on lack of subject-matter jurisdiction. All other pending motions are denied as moot. This judgment constitutes an appealable order. *City of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.,* 654 F.3d 713, 715-16 (7th Cir. 2011).

Date: August 6, 2012

Honorable John J. Tharp, Jr.
U.S. District Judge

7