# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 07934 | **DATE** | 9/17/2012 |
| **CASE TITLE** | M.G.S. by her Next Friend vs. Carolyn Toerpe, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained below, the Court DENIES plaintiff's motion [64, 65] to vacate or modify the Court's judgment of dismissal pursuant to Fed. R. Civ. P. 60(b).

■[ For further details see text below.]  Notices mailed by Judicial staff.

### STATEMENT

Nominal plaintiff M.G.S.'s representatives move for relief from this Court's judgment of August 6, 2012, dismissing M.G.S.'s complaint for lack of subject-matter jurisdiction. For the reasons explained below, the motion is denied.

Federal Rule of Civil Procedure 60(b) permits the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for a variety of reasons. Here, the representatives invoke Rule 60(b)(3) ("fraud . . ., misrepresentation, or misconduct by an opposing party") and 60(b)(6)("any other reason that justifies relief"). Relief from judgment is an extraordinary remedy that is granted only in exceptional circumstances. *Blue v. Int'l Broth. of Elec. Workers Local Union 159*, 676 F.3d 579, 585 (7th Cir. 2012); *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). A Rule 60(b) motion is not a substitute for a timely appeal by a party who disagrees with the ruling or believes it to be erroneous. *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009) ("A motion under Rule 60(b) is a collateral attack on the judgment and the grounds for setting aside a judgment under this rule must be something that could not have been used to obtain a reversal by means of a direct appeal").

The Court discerns no basis for relief based upon fraud, misrepresentation, or misconduct by the defendants. The basis for the Court's ruling was jurisdictional, and it was primarily the representatives' own allegations in the Complaint that demonstrated that the case was subject to dismissal based upon the probate exception and the *Rooker-Feldman* doctrine. The Court also highlighted, but was not called upon to decide, the problem with the self-appointed representatives suing *pro se* on behalf of M.G.S., both because M.G.S. already has a plenary guardian appointed by the state court and because those suing in a representative capacity cannot proceed *pro se*. *See* Mem. Op. & Order, Doc. 61 at 4 n.4 (Aug. 6, 2012). Again, this problem was evident on the face of the Complaint itself, irrespective of representations made by the defendants. The Court specifically noted that it accepted all of the representatives' allegations as true for purposes of resolving the motion, *see id.* at 3,

**STATEMENT**

essentially eliminating the possibility that the defendants procured the judgment by fraud. Furthermore, the lengthy Rule 60(b) motion does not allege fraud in the course of these proceedings so much as the same pattern of alleged misconduct by the defendants that led to the filing of the Complaint. The Court did not address the merits of the claim in its original decision, and it will not do so here, because subject-matter jurisdiction is lacking.

Nor does the Court sees any basis for relief under the catch-all provision of Rule 60(b)(6). Here, the representatives primarily argue that their disability-discrimination and civil rights claims "do in fact fall within the subject matter jurisdiction of the Federal Courts." But that is just disagreement with this Court's application of the *Rooker-Feldman* doctrine and the probate exception—that is, argument for the appellate court, not a basis for relief from the judgment in this Court. They further contend that they have "no remedy whatsoever in state court," an exceptional circumstance that entitles them to relief under Rule 60(b)(6). This Court already pointed out, however, that the Illinois Probate Code does provide procedures for challenging guardianship arrangements. Although the representatives clearly lack confidence in the fairness of the probate court, this Court cannot assume federal jurisdiction where it is otherwise lacking because the representatives prefer to litigate in federal court (for whatever reason).

The Court notes that the representatives have not timely filed a notice of appeal from the Court's order of dismissal for lack of jurisdiction, although they express a desire to appeal in their Rule 60(b) motion. Rule 60(b) Mot., Doc. # 64 at 18 ("How will M.G.S. access the courts to appeal Docket # 61?"). The Court notes that the filing of the Rule 60(b) motion did not toll the time for filing a notice of appeal because the motion was filed more than 28 days after the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi)), and the Rule 60(b) motion cannot be treated as as a *de facto* notice of appeal (*see* Fed. R. App. P. 3(b)(4); *Smith v. Barry*, 502 U.S. 244, 248 (1992)) because it was filed more than 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). The representatives are advised that they nevertheless have the right to appeal this Order denying their Rule 60 motion; notice of any such appeal must be entered within 30 days of this Order.